IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FREEMAN MANAGEMENT CORPORATION, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 3:06cv0736 ) |
| SHURGARD STORAGE CENTERS, INC., and PUBLIC STORAGE, INC., | ) Judge Thomas A. Wiseman, Jr. ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiffs' Motion to Dismiss (Doc. No. 143) filed February 21, 2008, in which Plaintiffs seek dismissal without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2), of all their remaining, unresolved claims in this matter, except for their claim for attorneys' fees, in order to permit Plaintiffs to pursue such remaining claims in the also-pending state court action. In their response (Doc. No. 144), Defendants indicate that they do not object to Plaintiffs' Motion to Dismiss, although they do object to some of the language included in Plaintiffs' Proposed Order. The parties agree that Plaintiffs' unresolved claims include those for (1) dissociation; (2) breach of fiduciary duty and interference with contract; and (3) monetary damages resulting from breach of contract. The parties are also in agreement that, upon dismissal of the other claims, their competing claims for attorneys' fees pursuant to the joint venture agreements at issue in this case should be made by motion pursuant to Fed. R. Civ. P. 54(d)(2) rather than proven at trial as an element of damages.

Based upon the parties' accord and the entire record in this matter, the Court finds that Plaintiffs' motion should be granted, and that the issue of attorneys' fees should be resolved by motion. The Court further finds that the time within which the parties may file motions relating to attorneys' fees should be extended in order to permit potential settlement of the claims for attorneys' fees. Accordingly, Plaintiff's Motion to Dismiss (Doc. No. 143) is hereby **GRANTED** as follows:

(1) Plaintiffs' remaining unresolved claims for dissociation, breach of fiduciary duty and interference with contract, and monetary damages arising from breach of contract are hereby

**DISMISSED WITHOUT PREJUDICE** to Plaintiffs' rights to pursue such claims in the future pursuant to Fed. R. Civ. P. 41(a)(2).

(2) Any claim for attorneys' fees by any party shall be made by motion and supported by attorney affidavits and appropriate documentation pursuant to Fed. R. Civ. P. 54(d)(2) and Local Rule 54.01(b). Any such motion shall be filed no later than forty-five (45) days after entry of this order.

(3) Each party shall bear its own costs in this matter.

All issues being resolved, this matter is hereby **TERMINATED**, though the Court retains jurisdiction of any timely filed motion for attorneys' fees.

It is so **ORDERED**.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge